Of Counsel:

LUNG ROSE VOSS & WAGNILD

| | |
|---|---|
| BRUCE D. VOSS | 6532-0 |

Attorney at Law
A Law Corporation

| | |
|---|---|
| MATTHEW C. SHANNON | 9043-0 |

Attorney at Law
A Law Corporation

| | |
|---|---|
| JAI W. KEEP-BARNES | 10787-0 |

Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813
Telephone: (808) 523-9000
Facsimile:  (808) 533-4184
Email:   *bvoss@legalhawaii.com*
             *mshannon@legalhawaii.com*
             *jkeep-barnes@legalhawaii.com*

Attorneys for Petitioners
ISLAND PALM COMMUNITIES LLC
and HICKAM COMMUNITIES LLC

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ISLAND PALM COMMUNITIES LLC and HICKAM COMMUNITIES LLC, | CIVIL NO. _____ |
| Petitioners, | PETITION TO VACATE ARBITRATION AWARD OR COMPEL INDIVIDUAL ARBITRATION (9 U.S.C. § 10, 9 U.S.C. §4); EXHIBIT A-F |
| vs. | |
| KENNY AMURO and JOSHUA BRANTLEY, | |
| Respondents. | |

# OVERVIEW

1. This Petition seeks vacatur of two arbitration orders purporting to allow Respondents to arbitrate their claims on a classwide basis. The arbitrator, in an arbitration before Dispute Prevention & Resolution, Inc. (the "DPR"), certified a nationwide class despite lacking explicit and unambiguous consent to class arbitration from all parties.

2. The Supreme Court has held that an arbitrator has the power to order class arbitration *only if* all parties that would be bound by the class award explicitly and unambiguously agreed to class arbitration. Here, the arbitrator conceded that the arbitration provisions contained in parties' lease agreements (the "Leases") did *not* provide the requisite consent to class arbitration.

3. Notwithstanding the concession, the arbitrator ordered class arbitration based on a series of "subsequent written agreements" and other factors outside the Leases. But these external factors cannot form the basis of a class arbitration order. By ignoring the language in the parties' Leases and the applicable law, the arbitrator exceeded his powers.

4. The Court should immediately right the arbitrator's wrong. Because the arbitrator exceeded his powers by ordering class arbitration, the Court should vacate Arbitration Orders No. 4 and No. 11.

5. In the alternative, the Court should compel individual arbitration under 9 U.S.C. § 4. Section 4 of the Federal Arbitration Act ("FAA") empowers the Court to compel arbitration according to the parties' agreement. Specifically, the FAA provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

6. Here, the manner of arbitration provided for in the Leases and any other possible agreement to arbitrate is individual, non-class arbitration, and the Court should accordingly direct Respondents to arbitrate their claims on an individual, non-class basis.

## PARTIES

7. Petitioner Hickam Communities LLC is a company operating under the laws of Delaware, with its principal place of business in Honolulu, Hawaii. Hickam's ultimate corporate parent is a Delaware corporation with its principal place of business in New York. See infra ¶ 13(a).

8. Petitioner Island Palm Communities LLC is a company operating under the laws of Delaware, with its principal place of business in Honolulu, Hawaii. IPC's ultimate corporate parent is a Delaware corporation with its principal place of business in New York. See infra ¶ 13(b).

9. Petitioners Island Palm Communities LLC and Hickam Communities LLC provide privatized military housing to servicemembers on O'ahu.

10. Respondents Kenny Amuro and Joshua Brantley are individuals who resided in homes managed by Petitioners in the City and County of Honolulu pursuant to their Leases.

## JURISDICTION AND VENUE

11. 9 U.S.C. § 4 provides that a party may petition "any United States district court which . . . would have jurisdiction under title 28 . . . for an order directing that . . . arbitration proceed in the manner provided for" in the parties' arbitration agreement.

12. 9 U.S.C. § 10 provides that "the United States court in and for the district wherein the award was made may make an order vacating the award" in instances where an arbitrator "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

13. This Court has jurisdiction over this matter based on 28 U.S.C. § 1332(a). First, the parties are diverse:

   a. Because Petitioner Hickam is an LLC, its citizenship is based on the citizenship of its owners/members. Hickam's sole member is HCH Sole Member LLC. HCH Sole Member LLC is an LLC whose sole member is Lendlease (US) Public Partnerships Holdings LLC, which in turn is an LLC whose sole member is Lendlease Americas Inc. Lendlease Americas Inc. is a Delaware

      corporation with its principal place of business in New York, making it a citizen of Delaware and New York.

    b. Because Petitioner Island Palm Communities is an LLC, its citizenship is based on the citizenship of its owners/members. IPC's sole member is AHFH Managing Member LLC. AHFH Managing Member LLC is an LLC whose sole member is Lendlease (US) Asset Management LLC. Lendlease (US) Asset Management LLC is an LLC whose sole member is LLG Asset Management LLC. LLG Asset Management LLC is an LLC whose members are Glam MILHSG Fee LLC and Lendlease Communities Capital LLC, which in turn both have the same sole member, Lendlease (US) Public Partnership Holdings LLC. Lendlease (US) Public Partnership Holdings LLC is an LLC whose sole member is Lendlease Americas Inc. Lendlease Americas Inc. is a Delaware corporation with its principal place of business in New York, making it a citizen of Delaware and New York.

    c. Respondents are not citizens of Delaware or New York.

14. Additionally, the amount in controversy is over $75,000.

    a. In the underlying dispute, Respondents allege general, special, treble, consequential, and punitive damages, as well as attorneys' fees and costs and prejudgment interest. Given the broad scope of Plaintiffs' alleged damages, the $75,000 amount in controversy is met. Cf. Jabour v. Hickam Cmtys., LLC, 2024 WL 2272715, at *8 (D. Haw. 2024) (denying motion to remand and holding that amount in controversy requirement was satisfied where plaintiffs sought "general, special, and consequential damages, as well as treble and punitive damages; a medical monitoring program; attorneys' fees and costs; disgorgement of profits; prejudgment interest; [and] injunctive relief"); Martin v. Island Palm Cmtys., LLC, 2024 WL 2272718, at *8 (D. Haw. 2024) (same).

    b. Additionally, Petitioners' claim under 9 U.S.C. § 10 challenges the arbitrator's decision to certify a class and require Petitioners to engage in a class-action arbitration, despite the arbitrator

5

      having only the power to conduct individual arbitration between the parties. Petitioners' costs, fees, and other expenses in arbitrating on a classwide basis, as opposed to an individual basis, exceed $75,000. This separately satisfies the jurisdictional minimum.

    c. Finally, the object of this litigation alone—the proper enforcement of the arbitration provision—exceeds $75,000. The Leases provide for individual arbitration, not classwide arbitration. The economic value of a Lease providing for individual arbitration, as compared to one providing for classwide arbitration, exceeds $75,000.

15. Venue lies in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

16. This dispute arises out of Respondents' claim that they were exposed to contaminated water stemming from a fuel leak at the United States Department of the Navy's Red Hill Bulk Fuel Storage Facility. Respondents argue that Petitioners breached their Leases by failing to prevent exposure to the contaminated water.

17. On February 9, 2022, Respondents filed demands for arbitration with the DPR. *See* Arbitration Demand (IPC) and Arbitration Demand (Hickam), attached hereto as Exhibits A and B. In their demands, Respondents attached their Leases and stated that they were demanding arbitration pursuant to the arbitration provision contained therein. The relevant arbitration provision provides:

> All Disputes between the parties of this Agreement shall be resolved by mediation and/or binding arbitration in accordance with the terms and provisions of the Resident Guide. The prevailing party in binding

arbitration and/or other legal process shall be entitled to recover its reasonable attorneys' fees and costs incurred in relation to the dispute from the non-prevailing party.

Ex. A, at pdf. p. 12; Ex. B, at pdf. p. 12.

18.    Several months later, counsel for Petitioners, counsel for Respondents, and the arbitrator signed a separate document authorizing the DPR to administer the arbitration proceedings (the "DPR Agreement"). The DPR Agreement is an administrative document that lays out several arbitration protocols, such as the designation of the arbitrator and the parties' payment schedules. Absent class members were not parties to the DPR Agreement.

19.    A few months after execution of the DPR Agreement, Petitioners filed a motion to dismiss the class claims. See Petitioners' Motion to Dismiss, attached hereto as Exhibit C. One basis for dismissal was the fact that the Leases were silent on the issue of class arbitration; therefore, class arbitration was impermissible under the Supreme Court's decision in Lamps Plus, Inc. v. Varela, 587 U.S. 176 (2019).

20.    Lamps Plus stands for the proposition that "[c]ourts may not infer from an ambiguous agreement that parties have consented to arbitrate on a classwide basis." 587 U.S. at 189. To this end, for class arbitration to be permissible, all parties must explicitly and unambiguously agree specifically to class arbitration, not just arbitration generally.

21. In his May 31, 2023 Order (Order No. 4), the arbitrator recognized and considered the Supreme Court's decision in Lamps Plus. Order No. 4, attached hereto as Exhibit D. The Order noted that the Leases could not serve as a basis to order class arbitration, because they "do not contain express consent to class arbitration" and thus failed to meet the standard in Lamps Plus. Id.

22. Nevertheless, the arbitrator ordered class arbitration, based on "subsequent written agreements." Id. The arbitrator stated that these subsequent written agreements satisfied the Lamps Plus test and authorized class arbitration. Id.

23. These "subsequent written agreements" consisted of (1) emails between counsel for Petitioners and counsel for Respondents delegating the question of class arbitration under the Leases to the arbitrator and (2) the DPR Agreement. The DPR Agreement incorporated the DPR Rules, which provide that the arbitrator "shall determine all issues submitted to arbitration by the parties and may grant any and all remedies that the Arbitrator determines to be just and appropriate under the law." DPR Agreement, attached hereto as Exhibit E.

24. The arbitrator held that the above cited provision in the DPR Agreement, to which only the arbitrator and attorneys for Petitioners and Respondents were parties, authorized class arbitration. The arbitrator reasoned that there is no provision in the DPR Agreement that prevents the arbitrator from

8

deciding the issue of class arbitration. Ex. D. As a result, the arbitrator allowed the claims to proceed to the class certification stage. Id.

25.     More than a year later, the arbitrator certified the proposed class. See Order No. 11, attached hereto as Exhibit F. The arbitrator reiterated his prior ruling, holding that "counsel for the parties discussed and agreed to the potential for a classwide arbitration of this matter . . . ." Id. He supported this finding by explaining that the "lengthy run-up" to the decision to arbitrate coupled with the experience and ability of each parties' counsel illustrated that the parties "had expressly agreed to the possibility" of class arbitration. Id.

## FIRST CLAIM FOR RELIEF
### (Vacatur of Arbitration Award)

26.     The allegations of paragraphs 1 through 25 are incorporated by reference, as if fully set forth herein.

27.     9 U.S.C. § 10(a)(4) authorizes this Court to vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

28.     All arbitration—including class arbitration—requires all parties to consent to arbitration by agreement. See Lamps Plus, 587 U.S. at 186. To that end, an arbitrator can only order class arbitration if all parties that would be bound by the class award, including class representatives, defendants, *and* absent class members, expressly and unambiguously agree to class arbitration. Id.

9

29. Respondents initiated arbitration pursuant to the arbitration provisions contained in their Leases. Everyone, including the arbitrator, agreed that the Leases do not provide consent to *class* arbitration. See Ex. D.

30. Notwithstanding, the arbitrator ordered class arbitration based on "subsequent written agreements," such as the DPR Agreement. Id.

31. The DPR Agreement does not provide explicit consent to class arbitration. The DPR Agreement neither mentions class arbitration nor does it include the absent class members. Further, Hawaii law is clear that DPR Agreements are not a superseding agreement to arbitrate. See United Pub. Workers, AFSCME, Loc. 646, AFL-CIO v. Dawson Int'l, Inc., 149 P.3d 495, 510 (Haw. 2006).

32. Additionally, the arbitrator based his decision on ancillary policy considerations such as the length of discussions of arbitration and experience of counsel. See Ex. F. By basing his class arbitration decision on these criteria, the arbitrator exceeded his powers and strayed from his delegated task of interpreting the arbitration provision in the Leases.

33. Further, the arbitrator exhibited a manifest disregard for the law by acknowledging and then ignoring Supreme Court precedent that requires unambiguous consent by all parties, named and unnamed, to class arbitration.

34. As such, Petitioners respectfully request vacatur of the arbitrator's Orders subjecting the parties to class arbitration.

## SECOND CLAIM FOR RELIEF
**(Request to compel individual arbitration)**

35.  The allegations of paragraphs 1 through 34 are incorporated by reference, as if fully set forth herein.

36.  Under 9 U.S.C. § 4, when the parties have a valid agreement to arbitrate, a Court must compel arbitration "in the manner provided for in such agreement."

37.  In the absence of a clear and unequivocal delegation to the contrary, the threshold question of class arbitrability, including whether an agreement authorized class arbitration, is for the Court to decide. See Shivkov v. Artex Risk Sols., Inc., 974 F.3d 1051, 1066 (9th Cir. 2020).

38.  Here, Respondents initiated arbitration proceedings under their Leases. In his Order, the arbitrator agreed that the Leases provide for individual arbitration and does not authorize class arbitration. See Ex. D.

39.  Instead, the arbitrator found that the DPR Agreement provided the basis for a finding of class arbitration. Id.

40.  Because neither the parties nor the absent class members ever delegated to the arbitrator the question of class arbitration under the DPR Agreement, it is for the Court, not the arbitrator, to decide whether the DPR Agreement authorizes class arbitration. Because the DPR Agreement does not explicitly authorize class

arbitration, it fails the <u>Lamps Plus</u> test. As such, Petitioners respectfully request that the Court compel Respondents to individual arbitration.

DATED:   Honolulu, Hawaii, October 24, 2024.

/s/ Matthew C. Shannon
BRUCE D. VOSS
MATTHEW C. SHANNON
JAI W. KEEP-BARNES

Attorneys for Petitioners
ISLAND PALM COMMUNITIES LLC, and
HICKAM COMMUNITIES LLC