UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ISLAND PALM COMMUNITIES LLC; and HICKAM COMMUNITIES LLC,<br><br>        Petitioners,<br><br>    vs.<br><br>KENNY AMURO and JOSHUA BRANTLEY,<br><br>        Respondents. | CIV. NO. 24-00458 LEK-RT |

**ORDER DENYING PETITIONERS' EMERGENCY MOTION TO<br>ENJOIN CLASS ARBITRATION PENDING APPEAL AND CROSS-APPEAL**

Before the Court is Petitioners Island Palm Communities LLC and Hickam Communities LLC's ("the Landlords") Emergency Motion to Enjoin Class Arbitration Pending Appeal and Cross-Appeal ("Motion"), filed on April 15, 2025. [Dkt. no. 40.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Further, this Court finds that it is not necessary for Respondents Kenny Amuro ("Amuro") and Joshua Brantley ("Brantley") to file a response to the Motion. The Landlords' Motion is hereby denied for the reasons set forth below.

## DISCUSSION

The Landlords filed this action to vacate two orders entered in an ongoing arbitration proceeding between the

Landlords, Amuro and Brantley, and other claimants.[1] See generally Petition to Vacate Arbitration Award or Compel Individual Arbitration (9 U.S.C. § 10, 9 U.S.C. § 4) ("Petition"), filed 10/24/24 (dkt. no. 1).[2] On March 25, 2025, this Court issued an order that granted the Landlords' relief in part. [Order: Granting in Part and Denying in Part Petitioners' Motion to Vacate Arbitrator's Class Certification Order or, in the Alternative, to Compel Individual Arbitration; and Denying Respondents' Motion to Dismiss, filed 3/25/25 (dkt. no. 30) ("3/25 Order").[3]] In the 3/25 Order, this Court ruled that only the Landlords' citizenship and Amuro's and Brantley's respective citizenships were relevant to the determination of whether there is complete diversity in the instant case, 3/25 Order, 2025 WL 904404, at *11, and this Court concluded that diversity

---

[1] Amuro, Brantley, and the other claimants are referred to collectively as "the Arbitration Claimants."

[2] The arbitration at issue in this case is pending before Dispute Prevention & Resolution, Inc. ("DPR") as "22-0526-A: Arbitration of: Kenny Amuro, et al – and Island Hickam [sic] Communities, LLC; Hickam Communities, LLC" ("the Arbitration"). See Petition, Exh. E (Agreement to Participate in Binding Arbitration, executed in October 2022 by counsel for the Arbitration Claimants, counsel for the Landlords, DPR, and Arbitrator Jerry Hiatt, Esq. ("the Arbitrator")).

[3] The 3/25 Order is also available at 2025 WL 904404. Relevant to the instant Motion, the 3/25 Order ruled upon the Landlords' Motion to Vacate Arbitrator's Class Certification Order or, in the Alternative, to Compel Individual Arbitration, filed October 24, 2024. [Dkt. no. 2.]

jurisdiction exists in this case, id. at *12. This Court vacated the two contested orders as to Amuro and Brantley and denied the Landlords' request for relief as to the other Arbitration Claimants. Id. at *18. The Landlords were given the opportunity to file: 1) an amended petition adding other Arbitration Claimants, if they are diverse from the Landlords and had similar leases to those addressed in the 3/25 Order, as respondents in this case; and 2) a motion to vacate the contested arbitration orders as to the new respondents. See id.

On March 28, 2025, Amuro and Brantley filed a notice of appeal from the 3/25 Order. [Dkt. no. 32.] On April 15, 2025, the Landlords filed a notice initiating a cross-appeal from the 3/25 Order. [Dkt. no. 39.]

In the instant Motion, the Landlords ask this Court "to enjoin the class arbitration pending appeal and cross-appeal." [Motion at 2.] The Landlords state that, "[o]ver [their] objections, the Arbitrator stated that a class arbitration would still proceed as scheduled — meaning ongoing class discovery (including as of the filing of this motion) and a class arbitration trial in June 2025." [Motion, Mem. in Supp. at 5 (citing Motion, Declaration of Matthew Shannon, Exh. A (Reporter's Transcript of Proceedings – 4/4/25 DPR videoconference) ("4/4 DPR Trans.") at 45:25-46:1, 56:18-23).]

The record reflects that the Arbitrator has reviewed this Court's 3/25 Order and is attempting to adjust the Arbitration proceedings accordingly. See, e.g., 4/4 DPR Trans. at 5-8 (discussing the 4/4 Order and its effect on the Arbitration); id. at 47 (noting that "even those two people [- *i.e.*, Amuro and Brantley -] apparently still have their individual claims"); id. at 56 (noting that "two potential class members are gone"). At an April 4, 2025 status conference, the Arbitrator informed the parties that the Arbitration will proceed based on the previously established dates.[4] [Id. at 45-46.] The Arbitrator also stated:

> So I will conduct the case in a way to try to use it for two purposes. If the class action treatment is reversed, then I will hopefully have a record from which to issue awards for the households that are placed in front of me by the parties, which would be among I suppose the named [claimants]. . . .

[Id. at 46.] Thus, the Landlords' representation that a class action trial is proceeding in June 2025 is not entirely correct. The Arbitrator intends to conduct the trial in a manner that would allow the Arbitrator to use the evidence admitted during

---

[4] The Arbitrator emphasized that the April 4, 2025 proceeding was a status conference, and that the matters discussed were not in response to a formal motion. [4/4 DPR Trans. at 50.] Thus, the parties were instructed to "consider everything [the Arbitrator] said as an inclination that doesn't really change the orders that have been issued and what's on the ground in terms of deadlines for [them]." [Id.]

4

the arbitration trial in either a class action award or a series of multiple individual awards.

More importantly, to the extent that the Landlords seek any order from this Court enjoining any portion of the Arbitration, this Court has ruled that the only Arbitration Claimants it has jurisdiction over are Amuro and Brantley. The Landlords were given the opportunity to file an amended Petition and a new motion to vacate to identify other Arbitration Claimants over whom diversity jurisdiction exists. However, the deadline for the Landlords to do so has come and gone, and the Landlords have not sought an extension of the deadline. The instant Motion asks this Court for the extraordinary relief of enjoining the Arbitration proceedings as to all of the Arbitration Claimants, even though the Landlords have not resolved the jurisdictional issues identified in the 3/25 Order.

Because the Arbitrator has expressed the intent to consider Amuro's and Brantley's claims on an individual basis, and because this Court does not have jurisdiction to rule on issues relating to the other Arbitration Claimants, there is no basis for this Court to enjoin any portion of the Arbitration proceedings.

5

**CONCLUSION**

For the foregoing reasons, the Landlords' Emergency Motion to Enjoin Class Arbitration Pending Appeal and Cross-Appeal, filed on April 15, 2025, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 18, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**ISLAND PALM COMMUNITIES LLC, ET AL. VS. KENNY AMURO, ET AL.; CV 4-00458 LEK-RT; ORDER DENYING PETITIONERS' EMERGENCY MOTION TO ENJOIN CLASS ARBITRATION PENDING APPEAL AND CROSS-APPEAL**